**Sharon L. ALLPORT, Petitioner,**

v.

**FULTON COUNTY ASSESSOR,
Respondent.**

**No. 71T10–0903–TA–6.**

Tax Court of Indiana.

Jan. 25, 2010.

Sharon L. Allport, Joliet, IL, Petitioner pro se.

Gregory F. Zoeller, Attorney General of Indiana, Nancy M. Hauptman, Deputy At-torney General, Indianapolis, IN, Attor-neys for Respondent.

FISHER, J.

Sharon L. Allport (Allport) challenges the final determination of the Indiana Board of Tax Review (Indiana Board) re-garding her 2006 real property assess-ment. The issue on appeal is whether the Indiana Board erred in upholding the Ful-ton County Assessor's (Assessor) valuation of Allport's property.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Allport owns real property at 2916 Country Club Drive South, Rochester, Indiana. The property, which sits on Lake Manitou, consists of a 1,344 square foot ranch house on a .34 acre lot.

When Allport received her 2006 proper-ty tax bill, she noticed that her property tax liability had increased. Upon inquir-ing as to the reason for the increase, she was told that her property had been incor-rectly classified as "off-water" and that the Assessor changed the classification to "on-water." As a result of the property's re-classification, Allport's 2006 assessment in-creased from $112,700 to $211,700.

Allport subsequently filed an appeal with the Fulton County Property Tax As-sessment Board of Appeals (PTABOA). On May 2, 2008, the PTABOA denied her appeal. Later that month, Allport filed an appeal with the Indiana Board.

On November 6, 2008, the Indiana Board conducted an administrative hear-ing on the matter. During the hearing, Allport argued that her "off-water" classi-fication should be reinstated. More specif-ically, she explained that because her neighbors' properties were still classified as "off-water," her assessment was incon-sistent with—and her taxes were therefore

excessive when compared to—theirs.[1] (*See* Cert. Admin. R. at 179–80, 182 (footnote added).) In any event, Allport explained that her property was not on the main body of the lake; rather, it was "at the head of the lake."[2] (*See* Cert. Admin. R. at 30–31, 176 (footnote added).)

On February 2, 2009, the Indiana Board issued a final determination affirming the assessment. On March 11, 2009, Allport filed an original tax appeal. The Court heard the parties' oral arguments on October 30, 2009. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ When this Court reviews an Indiana Board final determination, it is limited to determining whether it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2010). The party seeking to overturn the Indiana Board's final determination bears the burden of demonstrating its invalidity. *Osolo Twp. Assessor v. Elkhart Maple Lane Assocs.*, 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

### Discussion

■ Throughout the course of her appeal, Allport has stated repeatedly that the issue in her case is not about the value of her property; instead, it is about the fact that because her property is classified differently than her neighbors' properties, her taxes are unfair (i.e., she pays more than they do). (*See, e.g.,* Cert. Admin. R. at 3 ("[t]he issue is they did not correct my taxes in compliance with my neighbors"), 10 ("[my] land value [is] over assessed compared to neighborhood property"), 30–31 ("[my property's market value-in-use] ... should be consistent with the neighboring properties"), 180 ("[t]he issue I'm presenting today is not over fair market value of homes [, but rather] about [ ] land [being] over assessed ... in accordance with adjacent properties"), 182 ("[my previous assessment] was in compliance with the same values approximately of my neighbors"), 195–96 ("the [ ] documentation [shows] I was overcharged on my taxes [; t]his is not a fair market value issue [, t]his is a lake off/lake on water issue ... and it needs to be corrected"). Consequently, Allport claims she is entitled to "equal treatment" (i.e., an "off-water" classification). (*See* Pet'r Br. at 1–2; Oral Argu-

---

**1.** To substantiate this claim, Allport presented the property record cards for seven other properties located on Country Club Drive South. Those cards indicated that, for the 2006 assessment, the properties were classified as "off-water" and were assessed at much lower values: one property, a vacant lot, was assessed at $38,000; the other six properties, which were improved, were assessed between $118,300 and $177,300. (*See* Cert. Admin. R. at 60–73, 179–80.)

**2.** Allport subsequently clarified this to mean "where the lake narrows [ ] and [ ] actually goes into the wetlands." (Oral Argument Tr. at 11.) To show her property's location in relation to the main body of lake, Allport presented seven photographs of her property and nine aerial photographs of the lake. (*See* Cert. Admin. R. at 46–58.) As Allport explained, many of these photographs also indicated the progression of contamination and muck in the lake resulting from a dam breach in 1992. (*See* Cert. Admin. R. at 175–79.)

ment Tr. at 12–13, 20.) The Court disagrees.

The Assessor explained during the administrative hearing that like Allport's property, her neighbors' properties had also been incorrectly classified as "off-water." While the Assessor did not catch the mistake on those neighboring properties at the same time the mistake was caught on Allport's property, the classification on those neighboring properties was subsequently changed to "on-water."[3] (*See* Cert. Admin. R. at 183–84 (footnote added).) Thus, while Allport's neighbors had the benefit of an incorrect classification (and thus, lower taxes) for a year more than Allport, *see supra* note 3, it is of little consequence. Indeed, there is no sound reason for the Court to award Allport the benefit of a mistake (an incorrect assessment) simply because someone else benefited from the same mistake; to do so would only exacerbate the inequity on an even larger scale.

## CONCLUSION

For the reasons stated above, the Indiana Board's final determination is AFFIRMED.[4]

---

**3.** Allport's evidence indicates that the classifications on the neighbors' properties changed effective with the 2007 assessment. (*See* Cert. Admin. R. at 60–73.) The Assessor stated, however, that she thought corrected tax bills were issued to the neighbors to rectify the mistake effective with the 2006 assessment. (*See* Cert. Admin. R. at 189–92, 197–98.)

**4.** To the extent Allport implicitly challenged the value assigned to her property by asserting that it was not on the main body of the lake, that challenge is also unsuccessful. Indeed, Allport presented no objectively verifiable evidence during the Indiana Board hearing to demonstrate that the $211,700 did not reasonably reflect what the "ask price" for the property would have been. *See* 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (hereinafter, Manual) (incorporated by reference at 50 IND. ADMIN CODE 2.3–1–2 (2002 Supp.)) at 2.